OPINION
{¶ 1} Defendant-appellant Dennis Duff appeals the January 13, 2004 Judgment Entry entered by the Coshocton County Court of Common Pleas, which denied his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE CASE[2]
{¶ 2} On November 25, 2002, the Coshocton County Grand Jury indicted appellant on three counts of aggravated arson, in violation of R.C. 2909.02, felonies of the first degree. On April 7, 2003, appellant and the State entered into a negotiated plea in which appellant pled guilty to Count One of the Indictment and the State nolled Counts Two and Three. The State recommended, and the trial court imposed, a seven year term of incarceration and ordered appellant's sentence run concurrently with any time imposed through a parole revocation by the Department of Rehabilitation and Correction.
{¶ 3} On September 22, 2003, appellant filed a Motion to Withdraw Guilty Plea, arguing he recently learned the seven year term would not run concurrently with the parole revocation; therefore, there was a breach of the plea agreement. Via Judgment Entry filed January 13, 2004, the trial court denied appellant's motion, finding, "Any issue involving a possible parole revocation arising out of some other sentence is not yet ripe — because it has not yet happened — and has not been shown by any document of evidentiary quality to be likely to happen in the future."
{¶ 4} It is from that judgment entry appellant appeals, raising the following assignment of error:
{¶ 5} "I. Trial court abused its discretion in denying appellant's Criminal Rule 32.1 motion to withdraw his guilty plea when evidence shows that plea agreement was breeched [sic] and due process has been denied. This manifest injustice has vilated [sic] the appellant's constitutional rights under the 5th, 6th
and 14th amendments to the united states constitution."
{¶ 6} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
{¶ 7} "(E) Determination and judgment on appeal.
{¶ 8} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
{¶ 9} "The decision may be by judgment entry in which case it will not be published in any form."
{¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
Before addressing the merits of appellant's assignment of error, we must consider the timeliness of this appeal.
{¶ 11} App. R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
{¶ 12} Appellant filed his Notice of Appeal of the January 13, 2004 Judgment Entry on February 18, 2004. Pursuant to the Appellate Rules, appellant was required to file his Notice of Appeal on or before February 13, 2004. Because appellant failed to so, we find it untimely. Accordingly, this Court has no jurisdiction to consider the merits of appellant's assignment of error. For analogous results, see, Ross v. Harden (1982),8 Ohio App.3d 34; Allman v. Allman (Oct. 17, 2001), Licking App. No. 01CA0053, unreported; and In re: Quinn Harris (Feb. 28, 2002), Richland App. Nos. 01CA60 and 01CA61, unreported.
Hoffman, P.J., Farmer, J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs assessed to appellant.
[1] The State did not file a brief in the instant action.
[2] A recitation of the facts is not necessary to our disposition of this appeal.